IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDICIAL WATCH, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br> *Defendant*. | Case No. 1:24-cv-00700-TJK |

**JOINT STATUS REPORT**

On April 16, 2024, the Court ordered the parties to "meet, confer, and file, by April 30, 2024, a joint proposed schedule for briefing or disclosure." Apr. 16, 2024 Minute Order. Pursuant to that order, Plaintiff Judicial Watch and Defendant the U.S. Department of Justice hereby submit this joint status report in this Freedom of Information Act ("FOIA") case:

**I.      Background**

This case concerns a FOIA request in which Judicial Watch sought "transcripts, audio recordings, and video recordings of all interviews of President Biden conducted during the course of the investigation led by Special Counsel Robert Hur." Compl., ECF No. 1, ¶ 5. Since Judicial Watch filed its complaint, the Department produced redacted copies of written transcripts of the interviews. The Department has withheld in full audio recordings of the interviews as exempt in full under FOIA pursuant to FOIA Exemptions 6 and 7(C).[1] Judicial Watch confirms that it is not challenging the redactions made to the written transcript. *See* ECF No. 7, at 6 n.2. Judicial Watch likewise confirms that it would not challenge any corresponding redactions made to the audio recordings.

In light of the Department's determination to withhold the audio recordings, Judicial Watch consents to the Department's pending motion to consolidate this case with *Heritage Foundation v.*

---

[1] There are no video recordings of the interviews. Defendant reserves its rights to assert additional FOIA exemptions during summary judgment briefing.

1

*U.S. Department of Justice*, No. 24-cv-960-DLF (D.D.C.) and *Cable News Network, Inc. v. U.S. Department of Justice*, No. 24-cv-961-RDM (D.D.C.). *See* ECF No. 7; *see also id.* at 6 n.2 (Judicial Watch stating: "If the recordings are withheld, consolidation would be appropriate.").

## II.   Proposed Briefing Schedule

Pursuant to the Court's April 16, 2024 minute order, the parties have met and conferred.

**Defendant's position**. Defendant proposes the following summary judgment briefing schedule for this case:

- **June 14, 2024**: Defendant files a motion for summary judgment.

- **July 8, 2024**: Plaintiff files a combined response to Defendant's motion for summary judgment and a brief in support of Plaintiff's cross-motion for summary judgment.

- **July 29, 2024**: Defendant files a combined reply in support of its motion for summary judgment and a response to Plaintiff's cross-motion for summary judgment.

- **August 12, 2024**: Plaintiff files a reply in support of its cross-motion for summary judgment.

This proposal sets out a reasonable schedule that will lead to the prompt resolution of this FOIA case, and Plaintiff's proposed schedule (*infra*) would prejudice Defendant's ability to adequately prepare its summary judgment briefing. In particular, it is reasonable to set June 14 (rather than June 7) as the date for Defendant's initial brief given Defendant's obligation (not shared by Plaintiff) to compile the necessary *Vaughn* declaration(s) justifying Defendant's withholding and the intervening Memorial Day weekend holiday. Moreover, Plaintiff's proposal sets Defendant's three-week window to file its combined response and reply brief from June 28 to July 19. That timeframe is not adequate given that (1) this period extends during the July 4 holiday, during which it will be difficult to coordinate with other Department employees regarding the brief, and (2) Defendant may need to respond to separate briefs from Judicial Watch, the Heritage Foundation, and CNN, if the Court grants the pending motion to consolidate, which Judicial Watch no longer opposes. Finally,

there is only a minor difference (12 days) between the close of briefing under either proposal, but that short time period makes an important difference to the Department's ability to adequately prepare its summary judgment materials. Moreover, while Plaintiff avers that "Defendant only asserts FOIA's privacy exemptions," Defendant may assert additional FOIA exemptions during summary judgment briefing, and explicitly reserves the right to do so.

**Plaintiff's position**. Because of the significant public interest in the audio recordings and the fact that Defendant only asserts FOIA's privacy exemptions, Plaintiff believes briefing should occur with a little more expediency and can do so without prejudicing any party.  Plaintiff therefore proposes the following schedule:

- June 7, 2024: Defendant files a motion for summary judgment.

- June 28, 2024: Plaintiff files a combined response to Defendant's motion for summary judgment and a brief in support of Plaintiff's cross-motion for summary judgment.

- July 19, 2024: Defendant files a combined reply in support of its motion for summary judgment and a response to Plaintiff's cross-motion for summary judgment.

- July 31, 2024: Plaintiff files a reply in support of it's motion for summary judgment.

DATED:  April 30, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Joshua C. Abbuhl*
JOSHUA C. ABBUHL (D.C. Bar No. 1044782)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

        1100 L Street, N.W., Room 11518
        Washington, D.C. 20005
        Telephone: (202) 616-8366
        Facsimile: (202) 616-8470
        Joshua.Abbuhl@usdoj.gov

*Counsel for the Defendant*

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172
mbekesha@judicialwatch.org

*Counsel for Plaintiff*

4