**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE HERITAGE FOUNDATION, et al.** | |

Plaintiffs,

v.

**U.S. DEPARTMENT OF JUSTICE**,

Defendant.

---

**JUDICIAL WATCH, INC.**

Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE**,

Defendant.

Case No. 1:24-cv-00700 (TJK)
(Consolidated Cases)

---

**CABLE NEWS NETWORK, INC.,**
**AMERICAN BROADCASTING**
**COMPANIES, INC., d/b/a ABC NEWS,**
**THE ASSOCIATED PRESS,**
**BLOOMBERG L.P.,**
**CBS BROADCASTING INC.**
**o/b/o CBS NEWS,**
**DOW JONES & COMPANY, publisher of**
**THE WALL STREET JOURNAL,**
**THE E.W. SCRIPPS COMPANY,**
**INSIDER, INC., d/b/a BUSINESS INSIDER**
**NBCUNIVERSAL MEDIA, LLC,**
**d/b/a NBCUNIVERSAL NEWS GROUP,**
**REUTERS NEWS & MEDIA INC.,**
**RADIO TELEVISION DIGITAL NEWS**
**ASSOCIATION,**
**UNIVISION NETWORKS & STUDIOS,**
**INC.,**
**WP COMPANY LLC**
**d/b/a THE WASHINGTON POST,**

Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE**,

Defendant.

**EMERGENCY MOTION TO MODIFY BRIEFING SCHEDULE**
(Oral Argument Requested)

Plaintiffs Heritage Foundation and Mike Howell ("Heritage Plaintiffs") respectfully

move to modify the briefing schedule entered by this Court's May 6, 2024 Minute Order.  An

expedited briefing schedule for a FOIA case is unusual, but so is this Action.

1.      By Minute Order dated May 6, 2024, the Court entered a schedule requiring

Defendant U.S. Department of Justice ("DOJ" or "the Department") to file its initial motion for

summary judgment by May 31, 2024; Plaintiffs' oppositions and cross-motions to be filed by

June 21, 2024; Defendant's opposition and reply to be filed by July 15, 2024; and Plaintiffs'

replies to be filed by July 29, 2024.  Heritage Plaintiffs proposed a briefing schedule of fourteen-

fourteen-fourteen-seven in its Initial Scheduling Motion.  *See* ECF No. 13 at 4.

The Department vigorously advocated for a more extensive schedule than that entered by

the Court and proposed by all Plaintiffs, citing time constraints for its internal review process,

briefing, and to prepare declaration(s) and a Vaughn Index:

> This proposal [(briefing commencing June 14, 2024 and ending August 12, 2024)] sets
> out a reasonable schedule that will lead to the prompt resolution of this FOIA case, and
> Plaintiff's proposed schedule (*infra*) [(briefing commencing June 7, 2024 and ending July
> 31, 2023)] would prejudice Defendant's ability to adequately prepare its summary
> judgment briefing.  In particular, it is reasonable to set June 14 (rather than June 7) as the
> date for Defendant's initial brief given Defendant's obligation (not shared by Plaintiff) to
> compile the necessary Vaughn declaration(s) justifying Defendant's withholding and the
> intervening Memorial Day weekend holiday.  Moreover, Plaintiff's proposal sets
> Defendant's three week window to file its combined response and reply brief from June
> 28 to July 19.  That timeframe is not adequate given that (1) this period extends during
> the July 4 holiday, during which it will be difficult to coordinate with other Department
> employees regarding the brief . . . .

ECF No. 12 at 2; *see also* ECF No. 15 at 4 ("Instead, the Department respectfully requests that

the Court enter the briefing schedule proposed by the Department, for the reasons set out in the

Department's portion of the April 30, 2024 joint status report, *see* ECF No. 12, at 2, including

1

time required for an internal review process and preparation of one or more declarations, during a month shortened by a holiday weekend, and other anticipated litigation obligations of undersigned counsel.").

Heritage Plaintiffs repeatedly urged that the Department's insistence that it needed additional time for internal review, briefing, and to prepare declaration(s) and a Vaughn Index was misleading because the Department—from the Attorney General himself down—had done the extensive precatory work that goes into the Attorney General's decision to stand in contempt of subpoenas from two Congressional Committees. *See* ECF No. 13 at 1; ECF No. 10 at 8–9.

Correspondingly, Plaintiffs submitted that a great many senior Department attorneys are familiar with and working on the matter—including the intersection between Congressional contempt and FOIA. ECF No. 13 at 1, 3. The Department never denied these allegations and stuck to its submission that more time was needed.

**2.** Yesterday, the President of the United States asserted Executive Privilege in response to the subpoenas from the House Committees on Oversight and Accountability and the Judiciary ("Committees"). *See* Letter from the Hon. Carlos Uriarte to the Hon. Jim Jordan and the Hon. James Comer at 1 (May 16, 2024), Ex. 1 to the Third Declaration of Samuel Everett Dewey ("3d. Dewey Decl."). Attached to Mr. Uriarte's letter to the Committee Chairmen was a memorandum from the Attorney General to the President justifying the Attorney General's request for the President to assert Executive Privilege. *See* 3d. Dewey Decl. at Ex. 2 ("Garland Opinion"). The White House Counsel also drafted a letter conveying to the Committees the President's decision to assert Executive Privilege. *See* 3d. Dewey Decl. at Ex. 3. Later that day, rejecting the assertion of Executive Privilege, the Committees both voted to recommend that the House hold the Attorney General in contempt of Congress.

3.      The President's assertion of Executive Privilege and the Garland Opinion lays bare the unfortunate extent to which the Department has dissembled here. The Department's asserted time constraints were misleading. As Heritage Plaintiffs correctly forecast, the Department did not need the time to prepare a position and declarations it twice told the Court it did. A formal assertion of Executive Privilege is an extraordinary undertaking. *See* Memorandum to the Heads of Executive Departments and Agencies ("Reagan Memorandum") (Nov. 4, 1982), Ex. 4 to the 3d. Dewey Decl. at 1–3. The Reagan Memorandum explains in detail the extensive administrative procedure for invoking Executive Privilege; that procedure necessarily involves any number of the most senior and skilled Department attorneys engaging personally with the Attorney General, the Assistant Attorney General for the Office of Legal Counsel, the White House Counsel's Office, and the President *himself*. *Id.* at 2. That analysis necessarily includes the intersection of pending FOIA litigation. *See* Garland Opinion at 5–6 (citing FOIA authority); ECF No. 14 at Ex. 6 at n.17 ("The Department will also provide to the Committee any version of the transcripts of Mr. Zwonitzer's interviews with the Special Counsel's Office that may be released pursuant to the Freedom of Information Act."). It is no exaggeration to say that no FOIA case during this entire Administration has received so much attention from the Department of Justice. What more time intensive "internal review" (ECF No. 15 at 4) is required beyond that of the Attorney General *himself*?

4.      Moreover, the fact that the Committees have now been forced to recommend that the full House hold the Attorney General in contempt of Congress adds to the compelling and already extraordinary public interest in the disclosure of the audio recording of the President's interview with Special Counsel Robert K. Hur. During an impeachment inquiry, when Congress has subpoenaed material and the Executive Branch has refused to comply, courts in this District

3

hold that this fact pattern heightens the public interest in disclosure.  *See Am. Oversight v. U.S. Dep't of State*, 414 F.Supp.3d 182, 187 (D.D.C. 2019); *Ctr. for Pub. Integrity v. United States Dep't of Def.*, 411 F.Supp.3d 5, 13–14 (D.D.C. 2019).  And this material undoubtedly has clear public salience to the upcoming Presidential Election—regardless of one's political affiliation or view.  To take but one example, the audio recording of the President's interview with Special Counsel Hur is critical to allowing the American people to judge for themselves whether:  (1) Special Counsel Hur was correct in concluding that President Biden should not be charged in part because of his "poor memory" and "diminished faculties"; or (2) the White House is correct in their vigorous attack on this portion of Special Counsel Hur's Report and testimony.  That is already a major issue in the upcoming Presidential Election, and it will continue to be, because it relates directly to the question of the President's fitness for office.  This Court has rightly held that the public's need for information to participate in such a political process creates extreme exigency.  *See Brennan Ctr. for Justice at NYU School of Law v. Dep't of Comm.*, 498 F.Supp.3d 87, 101–02 (D.D.C. 2020).

Expedited briefing in a FOIA case of the sort sought here is not unprecedented.  The Court in *Center for Public Integrity v. United States Department of Defense* issued a truncated briefing schedule for preliminary injunction in similar circumstances, *i.e.*, a limited number of records also sought in an impeachment inquiry and by other FOIA requesters.  *See* Minute Order, *Ctr. for Pub. Integrity v. U.S. Dep't of Def.*, 19-cv-3265 (CKK) (D.D.C. Nov. 15, 2019).  In *Brennan Center for Justice at NYU School of Law v. United States Department of Commerce*, this Court adopted a similar schedule for records related to the 2020 United States Census.  *See* Minute Order, *Brennan Ctr. for Just. at NYU Sch. of L. v. Dep't of Com.*, 20-cv-2674 (TJK) (D.D.C. Oct. 8, 2020).

\*          \*          \*

Based on the foregoing, the Heritage Plaintiffs request that this Court enter the following

scheduling order with all Plaintiffs being permitted to file separate briefs and order oral

argument.

- May 27, 2024:  Defendant files a motion for summary judgment.

- June 10, 2024:  All Plaintiffs file combined responses to Defendant's motion for summary judgment and briefs in support of Plaintiffs' cross-motions for summary judgment.

- June 24, 2024:  Defendant files a combined reply in support of its motion for summary judgment and a response to Plaintiffs' cross-motions for summary judgment.

- July 1, 2024:  Plaintiffs file a reply in support of their cross-motions for summary judgment.[1]

To be sure, this schedule is aggressive, but the exigency of the moment and the Department's

clear gamesmanship warrants it.

Dated:  May 17, 2024                                    Respectfully submitted,

                                                        /s/ Samuel Everett Dewey
                                                        SAMUEL EVERETT DEWEY
                                                        (No. 999979)
                                                        Chambers of Samuel Everett Dewey, LLC
                                                        Telephone:   (703) 261-4194
                                                        Email:  samueledewey@sedchambers.com

                                                        DANIEL D. MAULER
                                                        (No. 977757)
                                                        The Heritage Foundation

---

[1]  The Department opposes this Motion and intends to file an Opposition.  Media Plaintiffs adhere to the position reflected in ECF No. 20 at 1 ("that this case should be resolved as promptly as possible given the timeliness of the requested audio recording and the narrowness of the issue for the Court's adjudication.").  Plaintiff Judicial Watch states:  "As we have previously briefed, Plaintiff Judicial Watch believes that this case should be resolved as promptly as possible but has several conflicts that will make it extremely difficult for it to comply with Heritage Plaintiffs' proposed schedule, especially the proposed deadline for the reply brief."

Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone:  (202) 608-6060
Email:  Kyle.Brosnan@heritage.org

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone:  (606) 275-0978
Email:  neal@cornettlegal.com

MAX TAYLOR MATHEU
(No. 90019809)
Telephone:  (727) 249-5254
Email:  maxmatheu@outlook.com

*Counsel for Plaintiffs*