IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDICIAL WATCH, INC.**,<br><br>*Plaintiff,*<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>*Defendant.* | Case No. 1:24-cv-00700-TJK |
| **HERITAGE FOUNDATION,** *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>*Defendant.* | |
| **CABLE NEWS NETWORK, INC.**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>*Defendant.* | |

**JOINT STATUS REPORT**

Per the Court's Minute Order of May 22, 2025, the parties hereby submit this status report in this Freedom of Information Act ("FOIA") case. Two issues remain outstanding.

1

I. **Processing of additional audio files of the same interview**

As Defendant has previously explained, the Special Counsel's Office used two separate recording devices on each day of the SCO's interview of President Biden. *See* Weinsheimer Declaration ¶ 12, ECF No. 34-2 (May 31, 2024). Defendant has already released one copy of the audio for the entirety of each day of the SCO's interview. Plaintiffs have requested that Defendant process the audio files not yet released, and Defendant has agreed to do so.

**Defendant's position:** Defendant estimates that this process will take several weeks, and when processing is complete Defendant will post the audio on its website, as it did with the audio released thus far. Because one copy of the audio has already been released and because there is otherwise no urgent need for the duplicate audio, Defendant respectfully submits that a court-imposed deadline for this processing is unnecessary.

**Plaintiffs' position:** To ensure that the additional audio files are processed and released promptly, the three Plaintiffs (Judicial Watch, Heritage, and the Press Coalition) respectfully request that the Court direct Defendant to complete processing and release the audio on its website within 30 days – *i.e.*, on or before June 27, 2025.

II. **Attorney's fees**

Once the processing and production of the additional audio files is complete, the only remaining issue is whether the Court should award attorneys' fees and related costs.

**Defendant's Position:** Defendant believes that Plaintiffs are not eligible or entitled to fees or related costs, but request that the parties have additional time to confer on this issue. Defendant proposes that the parties file a joint status report one week after release of the additional audio files to apprise the Court of any remaining issues in this matter and offer the parties' proposal for resolving those issues.

To the extent the Court imposes a briefing schedule on attorneys' fees, Defendant believes that the same schedule should apply to all Plaintiffs.

**Heritage's and the Press Coalition's Position:** Heritage and the Press Coalition believe they are eligible for and entitled to an award of attorneys' fees and related costs, but request that the parties have additional time to confer on this issue. Heritage and the Press Coalition agree with Defendant's proposal that the parties file a joint status report one week after release of the additional audio files to apprise the Court of any remaining issues in this matter and offer the parties' proposal for resolving those issues.

**Judicial Watch's Position:** As previously conveyed to Defendant, Judicial Watch believes it is both eligible for and entitled to an award of attorneys' fees and related costs. Because Defendant disagrees, any further discussion on the topic would be futile. In addition, the processing and production of the additional audio files will have no bearing whatsoever on Judicial Watch's motion or the award it requests. Judicial Watch therefore seeks to resolve this issue expeditiously and proposes the following briefing schedule on the issue:

- Judicial Watch's motion for attorneys' fees is due by June 27, 2025;
- Defendant's opposition is due by July 21, 2025; and
- Judicial Watch's reply is due by July 31, 2025.

Judicial Watch also does not believe its right to seek an award should be delayed by the other Plaintiffs' decisions to hold off on briefing their eligibility and entitlement.

DATED: May 28, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division


ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Robert W. Meyer*
ROBERT W. MEYER (NY Bar No. 5942842)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 305-0872
Robert.W.Meyer@usdoj.gov

*Counsel for the Defendant*

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172
mbekesha@judicialwatch.org

*Counsel for Plaintiff Judicial Watch*

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Plaintiff the Press Coalition*

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY (No. 999979)
Chambers of Samuel Everett Dewey, LLC Telephone:  (703) 261-4194

Email:  samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone:  (202) 608-6060
Email:  Kyle.Brosnan@heritage.org

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone:  (606) 275-0978
Email:  neal@cornettlegal.com

MAX TAYLOR MATHEU
(No. 90019809)
Telephone:  (727) 249-5254
Email:  maxmatheu@outlook.com

*Counsel for Plaintiff Heritage Foundation et al.*