**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUDICIAL WATCH, INC.**<br><br>              Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>              Defendant. | Case No. 24-cv-700-TJK<br>(Consolidated Cases) |
| **THE HERITAGE FOUNDATION, et al.**<br><br>              Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>              Defendant. | |
| **CABLE NEWS NETWORK, INC., et al.**<br><br>              Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br><br>              Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE PRESS COALITION'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND............................................................2

ARGUMENT .........................................................................................................................4

I.    THE PRESS COALITION IS ELIGIBLE FOR AND ENTITLED TO AN AWARD OF ITS FEES AND COSTS ...................................................................4

      A.    The Press Coalition is Eligible for a Fee Award......................................5

      B.    The Press Coalition is Entitled to a Fee Award .......................................6

II.   THE PRESS COALITION'S REQUESTED FEES ARE REASONABLE........................8

III.  THE PRESS COALITION IS ENTITLED TO AN AWARD OF FEES ON FEES.........11

IV.  THE PRESS COALITION INCURRED REASONABLE LITIGATION COSTS..........11

CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

**Brayton v. Office of the U.S. Trade Representative*,
  641 F.3d 521 (D.C. Cir. 2011) ............................................................................................. 5

*Coffey v. BLM*,
  316 F. Supp. 3d 168 (D.D.C. 2018) .................................................................................. 11

**Davy v. CIA*,
  550 F.3d 1155 (D.C. Cir. 2008) .................................................................................. 6, 7, 8

*EPIC v. NSA*,
  87 F. Supp. 3d 223 (D.D.C. 2015) ....................................................................................... 7

*Grand Canyon Trust v. Bernhardt*,
  947 F.3d 94 (D.C. Cir. 2020) ........................................................................................... 5, 6

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ........................................................................................................... 10

*Judicial Watch, Inc. v. DOJ*,
  878 F. Supp. 2d 225 (D.D.C. 2012) .................................................................................. 11

*Judicial Watch, Inc. v. FBI*,
  522 F.3d 364 (D.C. Cir. 2008) ............................................................................................ 7

*Klayman v. Judicial Watch, Inc.*,
  2019 U.S. Dist. LEXIS 253163 (D.D.C. Oct. 25, 2022) .................................................... 9

*Louise Trauma Center LLC v. DOJ*,
  2024 U.S. Dist. LEXIS 167967 (D.D.C. Sept. 18, 2024) ................................................... 9

*Morley v. CIA*,
  719 F.3d 689 (D.C. Cir. 2013) ............................................................................................ 7

*Short v. Army Corps of Engineers*,
  613 F. Supp. 2d 103 (D.D.C. 2009) .................................................................................... 6

*Tax Analysts v. DOJ*,
  965 F.2d 1092 (D.C. Cir. 1992) .......................................................................................... 7

*Vollmann v. DOJ*,
  2022 U.S. Dist. LEXIS 69302 (D.D.C. Apr. 14, 2022) ...................................................... 9

*WP Co. LLC v. SBA*,
    514 F. Supp. 3d 267 (D.D.C. 2021) ...................................................................................... 9

**Statutes**

5 U.S.C. § 552 ............................................................................................................................ 5, 6

## PRELIMINARY STATEMENT

In the spring of 2024, the Press Coalition[1] submitted Freedom of Information Act ("FOIA") requests to the Department of Justice ("DOJ") for records of enormous public interest and historical significance: audio recordings of Special Counsel Hur's interview of then-President Biden, which directly informed Hur's decision not to charge Biden in connection with classified documents found at Biden's home.  DOJ improperly refused to release these recordings for more than a year, however, claiming without merit that the records could be withheld in full even though DOJ had already released the interview transcripts.  The Press Coalition was forced to incur substantial attorneys' fees and costs in cross-moving for summary judgment to demonstrate that DOJ's withholdings were improper.  But just four days before DOJ was due to tell the Court whether it stood by its improper exemption claims, the government threw in the towel and made the recordings available, first to a news organization that is not a party to this case, and then to the Press Coalition and the entire public.

By securing the release of these recordings, the Press Coalition has vindicated the public's right to better understand and more meaningfully evaluate the Department of Justice's decision not to file federal criminal charges against a sitting President.  This outcome indisputably warrants an award of fees and costs to the Press Coalition under the two-step analysis followed in this Circuit.  Moreover, the Press Coalition's fee request is reasonable, reflecting 209 hours of work by attorneys and paralegals and the ordinary costs of filing fees and

---

[1] The Press Coalition includes Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, E.W. Scripps Company, Insider, Inc. d/b/a Business Insider, NBCUniversal, Media, LLC d/b/a NBCUniversal News Group, Radio Television Digital News Association, Reuters News & Media Inc., Univision Networks & Studios, Inc., and WP Company LLC d/b/a The Washington Post.

related expenses. For these reasons and those set out below, the Press Coalition respectfully requests that the Court enter an order declaring that DOJ is liable to the Press Coalition for an award of reasonable attorneys' fees in the amount of $142,802.90 and costs in the amount of $741.55, along with a commensurate award for the additional expenses that the Press Coalition has incurred in moving for this fee award.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2024, Special Counsel Hur transmitted a report notifying DOJ leadership that he was declining to charge President Biden following an investigation into classified documents found at Biden's former office and private residence. *See* Mem. in Supp. of Press Coalition's Cross-Mot. for Summ. J. ("Press MSJ") at 1 (ECF 38-1). Hur explained that this decision resulted in part from his assessment that "Mr. Biden would likely present himself to a jury, as he did during our interview of him, as a sympathetic, well-meaning, elderly man with a poor memory." *Id.* In correspondence with DOJ and in remarks to the press, Biden forcefully disputed Hur's characterization of his memory. *Id.* at 6.

Given the importance of Biden's perceived acuity to Hur's charging decision, and the dispute over that perception, between February 16 and April 1, 2024, the Press Coalition plaintiffs submitted FOIA requests to DOJ seeking the audio recordings of the Biden-Hur interview so that the press and public could better assess Biden's performance and Hur's judgment. *Id.* at 7. Plaintiff CNN filed this FOIA lawsuit on April 4, 2024, and twelve additional Press Coalition plaintiffs joined in this action on May 15, 2024. *Id.*

DOJ moved for summary judgment on May 31, 2024, arguing that it properly withheld the recordings under Exemptions 5, 6, 7(A), and 7(C). *See* DOJ Mot. for Summ. J. ("DOJ MSJ") (ECF 34-1). The Press Coalition cross-moved for summary judgment on June 21, 2024 and

explained why DOJ's withholding of the recordings was improper. *See generally* Press MSJ. The parties completed summary judgment briefing nearly a year ago, on August 1, 2024. *See generally* Press Reply in Supp. of Cross-MSJ ("Press Reply") (ECF 48).

On February 12, 2025, "[i]n light of the recent change in administration," the Court directed DOJ to confirm by February 19, 2025 whether "its position" on withholding the interview recording "remains unchanged." *See* Minute Order of Feb. 12, 2025. DOJ moved to extend its response deadline by 90 days, *see* DOJ Mot. to Extend Deadline (ECF 58), and the Court granted DOJ's request over the Press Coalition's objection, ordered DOJ to file a status report on May 20, 2025, and stayed the case until further order of the Court, *see* Feb. 19, 2025 Minute Order.

On May 16, 2025, just four days before the Court's deadline for DOJ to affirm or abandon its arguments for withholding these records, nonparty news organization *Axios* published an excerpt of the audio recording of Hur's interview with Biden. *See* Marc Caputo and Alex Thompson, *Exclusive: Prosecutors audio shows Biden memory lapses*, Axios (May 16, 2025), https://www.axios.com/2025/05/16/biden-hur-tape-special-counsel-audio. The following day, *Axios* published the full interview recording. *See Full Biden-Hur special counsel interview on classified documents*, Axios (May 17, 2025),

https://www.youtube.com/watch?v=GNjkE_tDZts.

On May 19, 2025, government counsel informed Press Coalition counsel that these audio recordings had been posted in the Office of Information Policy's online FOIA reading room, claiming that "[t]his release was made on a discretionary basis." *See* Decl. of Charles D. Tobin

3

Ex. 1; *see also* May 20, 2025 Status Report (ECF 66). DOJ subsequently processed backup recordings of the interview and released them online on July 7, 2025. Ex. 2.[2]

On June 27, 2025, the parties filed a joint status report that informed the Court of continued disagreement on the issue of attorneys' fees and costs and that proposed a briefing schedule on that issue (ECF 68), which the Court adopted in its Minute Order of June 30, 2025 (ECF 69). Pursuant to that Order, the Press Coalition now moves for attorneys' fees and costs.

## ARGUMENT

This is a straightforward case for awarding attorneys' fees and costs under FOIA. The Press Coalition requested copies of audio recordings of Special Counsel Hur's interviews of President Biden; DOJ withheld the records on invalid grounds; and the government released the requested records to the public as a result of this litigation. In these circumstances, the Press Coalition's eligibility for and entitlement to an award of attorneys' fees and costs is beyond dispute. Because the Press Coalition has satisfied these threshold requirements and requested only a reasonable amount of fees and costs given the effort the Press Coalition was forced to incur, the Court should grant the Press Coalition's motion and award its requested fees and costs in full.

I.   **THE PRESS COALITION IS ELIGIBLE FOR AND ENTITLED TO AN AWARD OF ITS FEES AND COSTS**

FOIA provides that the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [FOIA] in which the

---

[2] All copies of the released audio are accessible under the heading "Interview Between Special Counsel Robert Hur et al. and Joseph R. Biden, Jr. {October 8, 2023 - October 9, 2023}" at https://www.justice.gov/oip/available-documents-oip#recent.

4

complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To determine whether to issue such an award, the D.C. Circuit has established a two-step test, first assessing "eligibility" and then "entitlement" to fees. *See, e.g.*, *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011) ("The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees.") (emphasis in original) (citation omitted). The Press Coalition satisfies both of these threshold requirements.

### A.   The Press Coalition is Eligible for a Fee Award

A FOIA plaintiff is eligible for a fee award when it has "substantially prevailed" in its litigation, which FOIA defines as obtaining relief through either (1) "a judicial order, or an enforceable written agreement or consent decree," or (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). As the D.C. Circuit has recognized, Congress passed the OPEN Government Act of 2007 and codified the second path to eligibility for fee awards even in the absence of a court order, because without that second path "[a]gencies could force FOIA plaintiffs to incur litigation costs while simultaneously ensuring that they could never obtain the merits judgment they needed to become eligible for attorney fees." *Brayton*, 641 F.3d at 525.

Based on the plain language of FOIA, and the purpose behind that specific provision, the Press Coalition is eligible to recover its attorneys' fees and costs because DOJ made "a voluntary or unilateral" change to its position and released the recordings as a result of this lawsuit and only after forcing the Press Coalition to incur substantial litigation expenses. As the D.C. Circuit explained in *Grand Canyon Trust v. Bernhardt*, the OPEN Government Act of 2007 revived what had previously been known as the "catalyst theory" for fee eligibility, which considers

5

"whether the institution and prosecution of the litigation caused the agency to release the documents obtained." 947 F.3d 94, 97 (D.C. Cir. 2020). Under this theory, a FOIA plaintiff is eligible for fees if the plaintiff can demonstrate that "it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Id*. (quoting *Pub. Citizen Health Rsch. Grp. v. Young*, 909 F.2d 546, 550 (D.C. Cir. 1990)). In other words, a FOIA plaintiff is eligible when "prosecution of the action could reasonably be regarded as necessary to obtain the information and [when] a causal nexus exists between the action and the agency's surrender of that information." *Short v. Army Corps of Eng'rs*, 613 F. Supp. 2d 103, 106 (D.D.C. 2009). Here, the timing of DOJ's release – just days before it was required to tell the Court and the public whether it stood by its patently infirm arguments for withholding these records – demonstrates that "it is more probable than not" that, but for this litigation, DOJ would never have produced these audio recordings. *Bernhardt*, 947 F.3d at 97.[3]

B.  **The Press Coalition is Entitled to a Fee Award**

The Press Coalition is also "entitled" to recover its attorneys' fees and costs. The purpose of fee awards in FOIA cases is "to remove the incentive for administrative resistance to disclosure requests based not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not have the financial resources or economic incentives to pursue their requests through expensive litigation." *Davy v. CIA*, 550 F.3d 1155, 1158 (D.C. Cir. 2008) (cleaned up). To that end, the D.C. Circuit considers four non-exclusive factors to determine fee

---

[3] The Press Coalition is also eligible for fees under 5 U.S.C. § 552(a)(4)(E)(ii)(II) as Judge Randolph interpreted that provision in his concurring opinion in *Bernhardt*, which noted that the plain text "requires only correlation not causation" between the plaintiff obtaining the relief requested and the government agency's change in position. 947 F.3d 94, 100 (D.C. Cir. 2020) (Randolph, J. concurring) (FOIA "does not require a plaintiff to show a causal connection between its lawsuit and the government's capitulation").

entitlement: "(1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct." *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013) (per curiam). "Balancing these factors is a matter for the district court." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 371 (D.C. Cir. 2008). All four factors weigh in the Press Coalition's favor.

On the first factor, the public will clearly benefit from the Press Coalition's success in obtaining these records. A FOIA requester's success meets the public benefit threshold when it "is *likely* to add to the fund of public information that citizens may use in making vital political choices." *EPIC v. NSA*, 87 F. Supp. 3d 223, 234 (D.D.C. 2015) (citation and internal marks omitted) (emphasis in original); *see also Davy*, 550 F.3d at 1159 (holding that a public benefit is significant where the "FOIA request and subsequent litigation were intended to compel disclosure of information relating to the activities of a government agency . . . in relation to a significant historical event," and where "[a]t least one of the requested documents was not previously available to the public"). Audio recordings that helped inform the Special Counsel's consequential decision not to file criminal charges against the sitting President are public information that citizens may use to better evaluate and assess that decision.

The second and third factors, usually considered together, further support the Press Coalition's entitlement to fees. The Press Coalition consists of news organizations that sought these records to disseminate and report on them to the public, and it is well settled that the second and third factors favor news media requesters, whose interests are public rather than private. *See Tax Analysts v. DOJ*, 965 F.2d 1092, 1096 (D.C. Cir. 1992) (noting that the second and third factors are "often considered together," recognizing that "news interests should not be considered commercial interests, and that a court would generally award fees if the

complainant's interest in the information was journalistic," and observing that "FOIA's legislative history makes plain that Congress wanted news organizations to be treated favorably under the attorney's fee provision") (cleaned up).

The fourth and final factor, the agencies' conduct, also favors a fee award. This factor "considers whether the agency's opposition to disclosure had a reasonable basis in law, and whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Davy*, 550 F.3d at 1162 (cleaned up). As the Press Coalition has demonstrated, DOJ had no lawful basis for withholding these recordings. DOJ's Exemption 5 claim was not based on case law, but rather on a novel theory that any records may be withheld "if the President judges" that disclosing a law enforcement record may cause harm to the government's law enforcement functions. *See* DOJ Opp. to Cross-MSJ at 4 (ECF 45). DOJ's argument on Exemption 7(A) likewise disregarded precedent and asserted that the D.C. Circuit should re-interpret that exemption. *See* DOJ MSJ at 34-35. And DOJ's arguments under Exemptions 6 and 7(C) were baseless because Biden's privacy interest in the recording, if any, was minimal, and in any event was easily outweighed by the colossal public interest in assessing Hur's decision not to charge him. *See* Press MSJ at 19-27; Press Reply at 10-15.

Because all four factors favor the Press Coalition, it is entitled to an award of its reasonable attorneys' fees and costs.

## II. THE PRESS COALITION'S REQUESTED FEES ARE REASONABLE

The Press Coalition has requested a reasonable amount of fees – $142,802.90 – for the work on this litigation performed by its attorneys and their paralegals. To determine "reasonable" attorneys' fees, courts in this Circuit follows the "lodestar" method for determining a reasonable fee award under FOIA, where "'[t]he usual method of calculating reasonable

8

attorney fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount.'" *WP Co. LLC v. SBA*, 514 F. Supp. 3d 267, 274 (D.D.C. 2021) (quoting *Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998)).

In determining reasonable hourly rates, courts in this Circuit "have repeatedly said that the fees counsel actually receives from their client is a prime indicator of reasonableness." *Klayman v. Judicial Watch, Inc.*, 2019 U.S. Dist. LEXIS 253163, at *75 n.15 (D.D.C. Oct. 25, 2022) (collecting cases). Courts have also determined that rates reflected in the Fitzpatrick Matrix, which is issued by the U.S. Attorney's Office for the District of Columbia, "capture the market rates for complex federal litigation in the District" and apply in FOIA litigation. *See, e.g.*, *Louise Trauma Ctr. LLC v. DOJ*, 2024 U.S. Dist. LEXIS 167967, at *17 (D.D.C. Sept. 18, 2024) (calculating lodestar amount in FOIA case based on Fitzpatrick Matrix rates); *Vollmann v. DOJ*, 2022 U.S. Dist. LEXIS 69302, at *7 (D.D.C. Apr. 14, 2022) (same).

Here, the Press Coalition has requested an award based on the hourly rates reflected in the Fitzpatrick Matrix to narrow the issues potentially in dispute. Applying the Fitzpatrick Matrix, the discounted rates for 2024-2025 charged by Ballard Spahr attorneys and paralegals working on this matter would be as follows:

| Timekeeper | Position | 2024 Years of Practice | 2024 Fitzpatrick Rate | 2025 Years of Practice | 2025 Fitzpatrick Rate |
|---|---|---|---|---|---|
| Charles D. Tobin | Partner | 35+ | $864 | 35+ | $933 |
| Maxwell S. Mishkin | Associate (2024) / Partner (2025) | 10 | $669 | 11 | $738 |
| Lauren P. Russell | Associate | 6 | $608 | 7 | $675 |
| Scott Bailey | Paralegal | N/A | $236 | N/A | $255 |
| Ryan Relyea | Paralegal | N/A | $236 | N/A | $255 |

9

Based on these hourly rates, the Press Coalition requests an award of $142,802.90 in fees.[4] As detailed in Mr. Tobin's accompanying Declaration, the attorneys' and paralegals' hours for which the Press Coalition seeks compensation were reasonably expended in litigating this matter. The work generally involved the following: (1) a pre-complaint investigation and review of the legal authority for the lawsuit and a review of the underlying facts; (2) drafting, editing, and filing a complaint; (4) reviewing DOJ's motion for summary judgment; (5) drafting, editing, and filing a cross-motion for summary judgment; (6) reviewing DOJ's response to the cross-motion for summary judgment; (7) drafting, editing, and filing a reply; (8) communicating and negotiating with DOJ as necessary throughout the litigation; and (9) providing the Press Coalition with timely updates and taking strategic direction from the clients in response.

The reasonableness of the time expended is further confirmed by the fact that the Press Coalition obtained all of the relief it sought. Where, as here, a party "has obtained excellent results, his attorney should recover a fully compensatory fee" which "[n]ormally . . . will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Indeed, the Supreme Court has further recognized that "in some cases of exceptional success, an enhanced award may be justified." *Id*. (emphasis added). Given the circumstances, the Press Coalition defers to the Court's judgment as to whether such a multiplier should be applied.

Additionally, following release of the recordings, the Press Coalition incurred fees attempting to settle the fees dispute without motions practice. The fees incurred for time undersigned counsel spent preparing correspondence regarding the Press Coalition's eligibility

---

[4] This figure represents a nearly 25 percent discount (or approximately $40,000.00 reduction) from applying hourly rates from the Fitzpatrick Matrix rather than the hourly rates that the Press Coalition's attorneys actually charged and that the Press Coalition actually paid.

and entitlement to fees, and a reasonable amount of fees, should be recouped as well. *Coffey v. BLM*, 316 F. Supp. 3d 168, 172 (D.D.C. 2018) (awarding fees for unsuccessful work seeking settlement of the fees dispute as "courts should not discourage parties from attempting to settle fees issues before requiring their intervention").

Given the reasonable amount of hours and resources expended, this Court should award the Press Coalition its request for $142,802.90 in attorneys' fees.

### III.  THE PRESS COALITION IS ENTITLED TO AN AWARD OF FEES ON FEES

"It is settled in this circuit that hours reasonably devoted to a request for fees are compensable." *Judicial Watch, Inc. v. DOJ*, 878 F. Supp. 2d 225, 240 (D.D.C. 2012) (cleaned up). The Press Coalition therefore requests a fees-on-fees award commensurate with the Court's award for the litigation of the merits of the case in an amount to be determined at a later date.

### IV.  THE PRESS COALITION INCURRED REASONABLE LITIGATION COSTS

The Press Coalition has also incurred costs of $744.28 to engage a process server to serve summonses and pay the Court's filing fee. *See* Tobin Decl. Ex. 5. These costs were reasonable – indeed, modest – and the Press Coalition is eligible for and entitled to a recovery of those costs, in full, as well.

### CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant this Motion and order the Department of Justice to pay the Press Coalition $143,547.18 for its attorneys' fees and costs.

Dated: July 25, 2025            Respectfully submitted,

                                              BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*