**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HERITAGE FOUNDATION et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUS-TICE, <br><br> *Defendant*. | Civil Action No. 24-700 (TJK) |

## ORDER

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge G. Michael Harvey on March 18, 2026. *See* ECF No. 87 ("R&R"). The R&R cautioned the parties that failing to file an objection within 14 days of receipt could lead to waiver of the right to further review of the issues addressed. *Id.* at 50. Neither party objected, and the deadline to do so has passed. LCvR 72.3(b). Absent any objections, the Court reviews the R&R for "clear error." *Tsige v. Fac. Prac. Plan*, No. 13-cv-7148, 2014 WL 1378310, at *1 (D.C. Cir. Mar. 25, 2014). Clear error does not exist just because the Court would have decided an issue differently; instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Momoh v. Osayande*, 564 B.R. 1, 3 (D.D.C. 2017) (internal quotation marks omitted).

Plaintiffs Judicial Watch, Inc.; the Heritage Foundation and the leader of its Oversight Pro-ject (together, "Heritage Foundation"); and several press outlets (together, "Press Coalition") filed separate FOIA requests with DOJ seeking release of audio recordings of former President Biden's interview with Special Counsel Hur. DOJ withheld release of the recordings. After the cases were consolidated, the parties cross-moved for summary judgment. ECF Nos. 34, 36, 38, 40. While motions for summary judgment were pending, President Trump took office and, in May 2025,

DOJ released a recording of the interview to the public. *See* ECF No. 66. In July 2025, DOJ released a second recording of the interview, which was captured on a different device and of lesser quality, but otherwise identical to the first. *See* ECF No. 70.

Subsequently, the Heritage Foundation and Press Coalition moved for attorneys' fees under FOIA, each alleging that they had substantially prevailed because their suit was the impetus for the DOJ's release of the recordings. ECF Nos. 72, 73.[1] Magistrate Judge Harvey, in a 50-page Report and Recommendation, determined that neither moving party was eligible for attorneys' fees regarding the release of the first recording in May 2025 because neither had met their burden to show that the lawsuit substantially caused DOJ to release the recording. R&R at 26, 36. In contrast, Magistrate Judge Harvey determined that the Heritage Foundation *was* eligible for attorneys' fees as to the release of the second recording because it had met its burden to show that "this lawsuit substantially caused" that release. *Id.* at 31. Next, weighing the four factors for entitlement to attorneys' fees set out in *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013), Magistrate Judge Harvey found that *Morley*'s first three factors—public benefit, commercial benefit, and nature of the requester's interest in the information—favored the Heritage Foundation. *Id.* at 37–40. But he found that the fourth factor—the reasonableness of the agency's conduct—"weigh[ed] heavily against awarding fees." *Id.* at 47. Balancing the four factors, he recommended against awarding any fees to the Heritage Foundation, and therefore recommended denying both the Heritage Foundation and Press Coalition's motions. *Id.* at 49–50.

The Court, upon independent consideration of the R&R, the lack of any objection under Rule 72.3(b), the entire record, and applicable law, finds no clear error and so will adopt the R&R

---

[1] Judicial Watch and DOJ resolved all claims between them, including those for attorneys' fees. ECF No. 71.

2

in full.  In addition, because the parties have confirmed that the issue of attorneys' fees was the "only issue remaining in this case," ECF No. 70, the Court will close it.

For these reasons, it is hereby **ORDERED** that the Report and Recommendation, ECF No. 87, is **ADOPTED** in full.  It is further **ORDERED** that the Heritage Foundation's Motion for Attorneys' Fees, ECF No. 73, and the Press Coalition's Motion for Attorneys' Fees, ECF No. 72, are **DENIED**.  This is a final, appealable Order.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 3, 2026

3